

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| PATSY GAIL NICHOLSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:10-00581-HFF-PJG<br>§<br>§<br>§<br>§ |

### ORDER

This case was filed as a social security benefits action involving Plaintiff's application for Supplemental Security Income. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 28, 2011, and Plaintiff filed her objections to the Report on April 5, 2011. Plaintiff lodges two objections against the Magistrate Judge's Report.

Plaintiff's first objection is to the Magistrate Judge's determination that the Administrative Law Judge (ALJ) did not err in declining to give any weight to an opinion provided by her treating psychiatrist, Dr. Jon C. Kazaglis. Plaintiff comments, "[t]his is remarkable, since [her] psychiatric impairment is the main impairment which produces the disability." Pl.'s Objs. ¶ 1, ECF No. 17. Plaintiff then balks at her counsel being "taken to task in the Magistrate's [R]eport for not obtaining a written narrative that was legible from Dr. Kazaglis," noting that her "counsel made extensive efforts in this regard, all of which were rebuffed by Dr. Kazaglis." *Id.* Plaintiff concludes simply by "incorporat[ing] [her] original brief by reference for authorities with regard to the error originally complained of." *Id.*

Plaintiff's second objection is that the Magistrate Judge erred in determining that the ALJ's refusal to allow her counsel to cross examine the Vocational Expert (VE) was harmless. According to Plaintiff, the Magistrate Judge knew the ALJ's actions were inappropriate but found them harmless because Plaintiff's counsel based his proposed hypothetical on Dr. Kazaglis's opinion, which the ALJ ultimately rejected.

As a preliminary matter, the Court notes that Plaintiff's objections do not constitute specific objections. De novo review of the record is not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff's objections assert that the Magistrate Judge generally erred in ruling on both issues presented in her

2

brief but fail to direct the Court to a specific error. In the absence of specific objections, the Court is not required to conduct a de novo review of the record.

Nevertheless, to be exhaustive, the Court has reviewed Plaintiff's objections. For the reasons set forth in the Magistrate Judge's Report, the Court finds them to be without merit. The Court notes that, throughout his decision, the ALJ provided a thoughtful analysis of why he found Dr. Kazaglis's opinion unpersuasive. After reviewing the decision, the Court is satisfied that the ALJ applied the standard set forth in 20 C.F.R. § 416.927(d)(2) to determine what weight to give Dr. Kazaglis's opinion and provided appropriate reasons for giving it no weight, particularly when he noted that the opinion was inconsistent with other substantial record evidence, R. at 16, 22, 27.

Assuming without deciding that the ALJ erred in disallowing the question posed by Plaintiff's counsel to the VE, the Court agrees with the Magistrate Judge that the error is harmless. Plaintiff's counsel posed a question to the VE including the limitations ascribed to Plaintiff by Dr. Kazaglis. R. at 516. The ALJ refused to allow the question in the form presented, adding that "[w]e'll certainly allow you to ask hypothetical questions, but they need to be defined in functional limitations." R. at 517. Thus, the ALJ permitted Plaintiff's counsel to cross examine the VE, just not in the form of questions that Plaintiff's counsel desired. As noted, the ALJ properly decided to give no weight to Dr. Kazaglis's opinion, meaning that even if the ALJ had allowed the VE to respond to Plaintiff's counsel's question, it would have made no difference.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 15th day of August, 2011, in Spartanburg, South Carolina.

                                              s/ Henry F. Floyd
                                              HENRY F. FLOYD
                                              UNITED STATES DISTRICT JUDGE